U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 30 PM 4: 54

CLERK
BY_____ ᏘᏡᏙ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THE HOEHL FAMILY FOUNDATION,     )
                                 )
        Plaintiff,               )
                                 )
    v.                           )     Case No. 5:19-cv-229
                                 )
RONALD L. ROBERTS, JOHN P. AUBIN, )
KEVIN D. GABORIAULT, EIDEARD     )
GROUP, LLC, and ROBERTS ASSET    )
MGT., LLC, a/k/a ROBERTS ASSET   )
MANAGEMENT, LLC,                 )
                                 )
        Defendants.              )

## ORDER REGARDING DISPUTED ASPECT OF MOTION TO STAY
**(Doc. 110)**

On May 27, 2021, the court issued a discovery ruling defining the appropriate scope of

discovery. (Doc. 106.) The court turned down Plaintiff's effort to obtain discovery into the

experience of other clients of the Eideard Group who purchased "Alternative Investments." In

the court's view, this case concerns the experience of The Hoehl Family Foundation. The

experience—good or bad—of other investors was of marginal relevance. The briefing and oral

argument on this issue was thorough.

The parties now seek a comprehensive stay of the litigation in order to pursue settlement.

(Partially Stipulated-To Mot. to Stay Proceedings, Doc. 110.) With many months to go before

trial readiness, that is an excellent idea. There is one issue on which the parties disagree,

however. Plaintiff seeks to include an extension of its deadline "to seek reconsideration of the

Court's order dated May 27, 2021" if mediation does not result in settlement. (Doc. 110 at 2.)

Defendants oppose that aspect of the otherwise stipulated motion to stay. (*See* Doc. 112.)

Local Rule 7(c) authorizes motions for reconsideration.[1] These were once rare. Now they are routinely filed. In most cases, the motions repackage arguments previously rejected by the court. These are received with tepid enthusiasm, but they are all in a day's work. Occasionally the motion for reconsideration focuses attention on a mistake or misunderstanding by the judge and in these cases it is welcomed enthusiastically. Lawyers sometimes forget that while their loyalty is to their client's cause, the court's single goal is to try to get things right. Motions for reconsideration play a part in that process.

But Local Rule 7(c) is not without limits of its own. A motion for reconsideration must be filed within 14 days of issuance of the order it addresses. The rule has two goals. One is efficiency. It is a lot easier for the judge to rule on a motion for reconsideration while the original ruling is fresh in his or her mind. Even the modest delay in this case required rereading of the original order which issued a month ago. The other is finality. Parties to litigation are entitled to know that an issue has been resolved and represents the law of the case.

Plaintiff filed its request to extend Local Rule 7(c)'s deadline on June 25, 2021—after the June 10, 2021 deadline. Therefore the requested extension can only be granted "for good cause" and upon a showing that Plaintiff "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Plaintiff has not made that showing. In this case, the court will enforce the 14-day limit. *See Ernst v. Kauffman*, No. 5:14-cv-59, 2016 WL 1610608, at *3 (D. Vt. Apr. 20, 2016) ("[T]his court generally requires full compliance with its Local Rules . . . ."). A motion for

---

[1] As Local Rule 7(c) recognizes, Rules 59 and 60 of the Federal Rules of Civil Procedure govern certain requests for reconsideration. But neither of those rules would be a basis for the relief that Plaintiff might wish to seek. Rule 59(e) authorizes motions to alter or amend a "judgment." The court's May 27, 2021 order is not a judgment. Rule 60(b) authorizes motions for relief from a "final" order; it "does not govern relief from interlocutory orders." 12 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 60.23 (3d ed. 2021).

reconsideration of the discovery order is time-barred. There are obviously other ways to bring requests for broader discovery before the court. Plaintiff is not without recourse if the discovery that was allowed makes it clear that the discovery that was denied has become critical. But simply returning to the court, months after the discovery order, seeking a different outcome is not permitted.

The court will sign and file Doc 110-1 without the second paragraph concerning the motion for reconsideration.

Dated at Burlington, in the District of Vermont, this 30 day of June, 2021.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court